IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**LISA WOODS**                                                                                          **PLAINTIFF**

vs.                                               Civil No. 6:21-cv-6123

**KILOLO KIJAKAZI,**                                             **DEFENDANT**
**Acting Commissioner, Social Security Administration**

### MEMORANDUM OPINION

Plaintiff, Lisa Woods, brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

Plaintiff protectively filed an application for DIB.  (Tr. 5)[1].  In her application, Plaintiff alleged being disabled due to lower back and neck issues, fibromyalgia, arthritis, restless leg syndrome, sleep apnea, shoulder and back problems, and leg and hip pain.  (Tr. 360).  Plaintiff alleged an onset date of January 1, 2012.  (Tr. 4).  Plaintiff's application was denied initially and again upon reconsideration.  (Tr. 38-96).

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 14. These references are to the page number of the transcript itself not the ECF page number.

1

Following this, Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 150-196). This hearing was held on January 8, 2021. (Tr. 13-37). At this hearing, Plaintiff was present, and represented by Linn Reed. *Id*. Plaintiff and Vocational Expert ("VE"), Charles Turner testified at the hearing. *Id*.

Following the administrative hearing, on January 26, 2021, the ALJ entered an unfavorable decision. (Tr. 111-122). Upon request by Plaintiff, the Appeals Council granted review of the ALJ's decision. After granting review of the ALJ's January 26, 2021, decision, the Appeals Council rendered a decision on June 23, 2021, finding Plaintiff not disabled. (Tr. 4-8).

In Appeals Council decision, they found Plaintiff last met the insured status of the Act on March 31, 2015. (Tr. 6, Finding 1). They also found Plaintiff had not engaged in substantial gainful activity ("SGA") since January 1, 2012. *Id.*

The Appeals Council then determined Plaintiff had the severe impairments of fibromyalgia, adhesive capsulitis, bicipital tenosynovitis of the bilateral shoulders, osteoarthritis in the right hand, obesity, and depression. (Tr. 6, Finding 2). Despite being severe, they determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). *Id*.

The Appeals Council considered Plaintiff's subjective complaints and determined her RFC. (Tr. 7). They evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id*. They also determined Plaintiff retained the RFC to perform light work with frequent reaching and handling of the bilateral upper extremities; occasional overhead reaching; occasional climbing, stopping, kneeling, crouching, and crawling; semi-skilled work with superficial contact with

coworkers, supervisors, and public; could meet and greet; make changes; and understand, take, and give simple concrete notes and orders.  *Id*.

The Appeals Council then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 7, Finding 5).  They determined Plaintiff was capable of performing her PRW as a cashier and short order cook.  *Id.*  However, they also found there were jobs in significant numbers in the national economy that Plaintiff could perform.  (Tr. 7, Finding 7).  With the help of the VE, the Appeals Council found Plaintiff could perform the representative occupations of (1) motel cleaner with approximately 110,000 jobs in the nation and (2) cafeteria worker with approximately 66,000 jobs in the nation.  *Id*.  Based upon this finding, the Appeals Council determined Plaintiff had not been disabled at any time through March 31, 2015.  (Tr. 7, Finding 8).  The Appeals Council decision became the Commissioner's Final Decision.

On August 19, 2021, Plaintiff filed the present appeal.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 18, 19.  This case is now ready for decision.

**2.**     **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.   Discussion:**

Plaintiff brings the present appeal only claiming the Appeals Council erred in failing to properly evaluate the opinions of Dr. Chrysti Williams. ECF No. 18, Pgs. 13-22. In response, Defendant argues the Appeals Council did not err in any of their findings. ECF No. 19.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the Commissioner, the decision of the must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the Appeals Council's and ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the Appeals Council's decision. Accordingly, the Appeals Council's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the Appeals Council, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of August 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE